**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JULIAN DARNELL WOODARD, ) | |
| ) | |
| Defendant/Petitioner, ) | |
| ) | |
| v. ) | No. CIV-12-368-FHS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent. ) | |

## OPINION AND ORDER

On March 12, 2008, Defendant, Julian Darnell Woodard, was charged as part of a twenty-eight-count indictment in Case No. CR-08-25-FHS. In particular, Woodard was charged in Count One with Conspiracy to Possess with Intent to Distribute Controlled Substances in violation of 21 U.S.C. § 846 and in Count Twenty-Eight with Drug Forfeiture pursuant to 21 U.S.C. § 853. On September 3, 2008, Defendant entered a guilty plea as to Count One. At a November 18, 2009, sentencing hearing, the Court sentenced Defendant to a term of 120 months imprisonment on Count One, to be run concurrent with his state court sentence in McIntosh County Case No. CF-207-40, and a term of 60 months of supervised release. The remaining forfeiture charge in Count Twenty-Eight was dismissed by the Government. On November 23, 2009, a Judgment and Commitment was entered as to Defendant. Defendant did not file an appeal or file a petition pursuant to 28 U.S.C. § 2255. On November 9, 2011, Defendant filed Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense pursuant to 18 U.S.C. § 3582. On January 4, 2012, the Court denied Defendant's application on the basis that Amendment 750 did not lower his offense level.

On August 30, 2012, Defendant filed the instant Motion to

1

Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 (Dkt. No. 1) seeking to have his conviction in Case No. CR-08-25-FHS vacated, set aside or corrected.  Defendant contends his counsel was ineffective in failing to "challenge[] the court to credit the time I served in federal custody to my sentencing for the new federal charge."  Defendant alleges he was in federal custody awaiting sentencing in this case from March 21, 2008 through November 18, 2009, and that he has not been given credit by the Bureau of Prisons for this period of incarceration.

    Motions under section 2255 must typically be filed within one year of the date on which the conviction became final.  See 28 U.S.C. § 2255(f)(1).  Defendant's conviction was entered on November 23, 2009, and it became final on December 8, 2009 - the end of the ten-day period, exclusive of weekends and holidays, in which Defendant could have, but did not, file his appeal.  See Fed.R.App.P. 4(b)(1)(A)(I).[1]  Thus, under the one-year time frame of section 2255(f)(1), Defendant had until December 8, 2010, to file a timely motion.  Defendant's August 30, 2012, filing of the instant section 2255 motion is therefore not timely as it was filed

---

[1] A 2009 amendment to Fed.R.App.P. 4, effective December 1, 2009, extends the time to file appeals from ten to fourteen days, with the inclusion of intermediate weekends and holidays in the computation.  See Fed.R.Civ.P. 4 advisory committee's notes to 2009 Amendments ("The times set in the former rule at 10 days have been revised to 14 days."); Fed.R.App.P. 26 advisory committee's note to 2009 Amendments ("Under new subdivision (a)(1), all deadlines stated in days (no matter the length) are computed in the same way.  The day of the event that triggers the deadline is not counted. All other days  - including intermediate Saturdays, Sundays, and legal holidays - are counted, with only one exception.  If the period ends on a Saturday, Sunday, or legal holiday, then the deadline falls on the next day that is not a Saturday, Sunday, or legal holiday.").

nearly twenty-two months after the December 8, 2010, deadline.[2]

Defendant's section 2255 motion also fails because, as part of his guilty plea, Defendant executed a plea agreement containing a waiver of his appellate and post-conviction rights. In particular, Defendant's plea agreement, which was signed by Defendant and his counsel, provides that "defendant waives the right to collaterally attack the conviction and sentence pursuant to 28 U.S.C. § 2255, except for claims based on ineffective assistance of counsel which challenge the validity of the guilty plea or this waiver." Plea Agreement (Doc. No. 330, Case 08-CR-25-FHS), at 10. Such waivers of appellate rights are generally enforceable. United States v. Hahn, 359 F.3d 1315, 1318 (10th Cir. 2004)(en banc). In Hahn, the Tenth Circuit held that a waiver of appellate rights will be enforced as long as: (1) "the disputed appeal falls within the scope of the waiver of appellate rights"; (2) "the defendant

---

[2] Section 2555(f) provides that the one-year period runs from the latest of several dates, including subsection (1)'s provision for "the date on which the judgment of conviction becomes final." As noted, Defendant's conviction became final on December 8, 2009, and Defendant does not attempt to argue that the Court's January 4, 2012, denial of his 18 U.S.C. § 3582 motion somehow restarts computation period. Such an argument has no merit. See 18 U.S.C. § 3582(b)(sentence subsequently modified or corrected "constitutes a final judgment for all other purposes."). Under another provision of section 2255(f) - subsection (4) - the one-year period runs from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." This latter provision does not operate to make Defendant's petition timely as Defendant acknowledges that when he arrived at the federal correctional institution he "was informed that the BOP would not credit the time" spent in federal custody while awaiting sentencing. Defendant arrived at the federal correctional institution, FCI El Reno, on May 10, 2010; consequently, even assuming the one-year period is calculated from the May 10, 2010, date, Defendant's petition is not timely.

3

knowingly and voluntarily waived his appellate rights"; and (3) "enforcing the waiver would [not] result in a miscarriage of justice." Id. at 1325; see also United States v. Cockerham, 237 F.3d 1179, 1181-83 (10th Cir. 2001)(recognizing that waiver of collateral attacks brought under 28 U.S.C. § 2255 are generally enforceable where waiver is explicitly stated in plea agreement and both plea and waiver were knowingly and voluntarily made).

From review of the Plea Agreement and the audio recording of the plea and sentencing hearings, the Court concludes the Hahn factors have been satisfied. First, Defendant's motion is a collateral attack under section 2255 that does not involve the validity of his guilty plea or the appellate waiver. Defendant's claim of ineffective assistance of counsel is specific to his contention that counsel failed to ensure that he would be credited for his time served awaiting sentencing - it is not tied to either his guilty plea or his appellate waiver. Second, the clear language of the Plea Agreement, which was acknowledged and executed by Defendant, and the plea colloquy establish that Defendant knowingly and voluntarily waived his appellate and post-conviction rights. Third, Defendant presents no evidence to suggest that enforcing the waiver would result in a miscarriage of justice. See United States v. Elliott, 264 F.3d 1171, 1173 (10th Cir. 2001)(listing four situations where enforcing an appellate waiver would result in a miscarriage of justice). Consequently, the Court concludes the waiver of appellate and post-conviction rights executed by Defendant is enforceable.

Additionally, the Court finds Defendant's petition must fail as the record does not indicate that Defendant exhausted his administrative remedies with the BOP. See United States v. Jenkins, 38 F.3d 1143, 1144 (10th Cir. 1994)("Defendant must bring

4

his request for sentence credit to the Bureau of Prisons in the first instance and thereafter seek judicial review of the Bureau's determination."). Finally, Defendant's claim of ineffective assistance of counsel based on counsel's failure to have this Court order credit for his time served awaiting sentencing must fail as counsel cannot be deemed ineffective for failing to ask this Court to do something beyond its jurisdiction. In <u>United States v. Wilson</u>, 503 U.S. 329, 334 (1992), the Supreme Court held that a district court cannot apply the credit for prior custody provisions of 18 U.S.C. § 3585(b) at sentencing. Rather, it is the Attorney General, through the Bureau of Prisons, who has the administrative responsibility to compute a defendant's sentence after sentencing. <u>Id</u>. at 335 and <u>see</u> <u>Jenkins</u>, 38 F.3d at 1144 (citing <u>Wilson</u>, the Tenth Circuit stated that "a district court is without jurisdiction to award a sentence credit at sentencing.").

Based on the foregoing reasons, Defendant's Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 (Dkt. No. 1) is denied.

It is so ordered this 5th day of October, 2012.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma